WRIGHT, FINLAY & ZAK, LLP
Joan Carol Spaeder-Younkin, Esq., SBN 192235
Sonia P. Edwards, Esq. SBN 156456
Joshua R. Hernandez, Esq., SBN 258266
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 477-9200
jhernandez@wrightlegal.net

Attorneys for Defendants, Fay Servicing, LLC and Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 (erroneously sued separately as "MFRA Trust 2014-2," and "MFResidential Assets, LLC as Administrator")

## UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| ANTHONY BOCHENE<br><br>                Plaintiff,<br><br>  vs.<br><br>MFRA TRUST 2014-2,<br>MFRESIDENTIAL ASSETS, LLC AS<br>ADMINISTRATOR;<br>CITIMORTGAGE; CHEVY CHASE<br>BANK, FSB; FAY SERVICING, LLC,<br>and Does 1-10<br><br>                Defendants. | Case No: 2:17-cv-00768-TLN-DB<br>*Assigned to:*<br>*Magistrate Judge Deborah Barnes*<br>*District Judge Troy L. Nunley*<br><br>**NOTICE OF MOTION AND<br>MOTION TO DISMISS<br>COMPLAINT; MOTION TO<br>STRIKE PORTIONS OF<br>COMPLAINT; MEMORANDUM<br>OF POINTS AND AUTHORITIES<br>IN SUPPORT THEREOF**<br>[F.R.C.P. 12(b)(6); F.R.C.P. 12(f)]<br><br>**Hearing**:<br>Date:   June 9, 2017<br>Time:  10:00 a.m.<br>Ctrm.: 27 (8th Floor)<br>Complaint filed:  March 6, 2017 |

-1-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE** that on June 9, 2017 at 10:00 a.m. in Courtroom 27 of the above-captioned Court, located at 501 I Street, Sacramento, California, 95814 Defendants FAY SERVICING, LLC ("Fay") and WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 (erroneously sued separately as "MFRA Trust 2014-2", and "MFResidential Assets, LLC as Administrator") ("Wilmington Trust") (collectively, "Defendants"), will move the Court for an Order dismissing the Complaint filed by Plaintiff Anthony Bochene ("Plaintiff") herein pursuant to Federal Rule Civil Procedure Rule 12(b)(6).

This Motion is made on the grounds that Plaintiff failed to plead the essential facts that give rise to each of the Complaint's causes of action stated against moving Defendants, and/or the claims are barred on their face, as confirmed by matters which may properly be judicially noticed by this Court.

**PLEASE TAKE FURTHER NOTICE** that, in addition to the above, Defendant will move this Court pursuant to FRCP Rule 12(f) for an Order striking the Complaint's following allegations, and/or prayers for relief:

> 1. Paragraph "48" portion "attorneys fees and costs";
> 2. Prayer, Paragraph "2" portion "including treble damages";

Defendant moves to strike these portions of the Complaint on the grounds that they are entirely unwarranted, improper and irrelevant under existing California law, and federal law.

///
///
///
///

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

These Motions are based upon this Notice, the supporting memorandum of points and authorities set forth below, the Request for Judicial Notice filed concurrently herewith, the complete files and records in this action, the oral argument of counsel and such other and further evidence as the Court might deem proper.

Respectfully Submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: April 19, 2017        By: */s/ Joshua R. Hernandez*
                             Joshua R. Hernandez, Esq.
                             Attorneys for Defendants, Fay
                             Servicing, LLC and Wilmington
                             Trust, National Association, not in its
                             individual capacity, but solely as
                             trustee for MFRA Trust 2014-2

-3-
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.   INTRODUCTION

This litigation is a last-ditch attempt by Plaintiff to delay the foreclosure of one of his multiple properties.  However, Plaintiff's contentions are unsupported in law and fact.

Any attempt by Plaintiff to state that he was unaware of the terms of any alleged agreement or loan, that anything was misrepresented to him, or that any parties other than him breached any agreement is incredible.  Plaintiff is not the unsophisticated *pro se* litigant he portrays himself to be.  Based on his Complaint, Plaintiff is apparently quite familiar with real estate loans, including the modification and refinancing of such loans.  The crux of this lawsuit is that Plaintiff entered into a loan that he could not afford.  However, of course, Plaintiff's lender was under no obligation to make sure the Plaintiff was able to repay the loan.

Furthermore, Plaintiff does not have standing to bring any of the claims in the Complaint.  The entire Complaint is barred by judicial estoppel due to Plaintiff's prior Chapter 7 Bankruptcy.  Notably, Plaintiff failed to disclose any of the claims he alleges in this Complaint within his bankruptcy filings.  Moreover, each of the claims alleged in the Complaint are property of the Chapter 7 trustee, therefore Plaintiff lacks standing to bring these claims before this Court.  Additionally, Plaintiff failed to allege a tender of the amount owed on the Loan, which is a prerequisite to bringing any action challenging a non-judicial foreclosure.  Furthermore, all of the causes of actions alleged by Plaintiff fall outside the applicable statutes of limitations.

It is for these reasons, and those discussed below, that the Motion to Dismiss should be granted.  Further, as there is no chance Plaintiff can allege additional facts to cure the defects in his Complaint, the Court should grant the entire Motion to Dismiss without leave to amend.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

### 1.     The Loan and Foreclosure Proceedings

On or about June 1, 2007, Plaintiff executed a promissory note ("Note") in the amount of $317,000.00.  Repayment of the Note was secured by a deed of trust ("Deed of Trust") recorded against the subject real property located at 21531 Donner Pass Road, Soda Springs, 95728 (the "Property") on June 12, 2007. (RJN, Exh. 1) (the Note and Deed of Trust are collectively, the "Loan").  The Deed of Trust names Anthony Bochene and Elena Bochene as the Borrowers, ABN AMRO Mortgage Group, Inc. ("ABN") as the Lender and beneficiary, and First American Title Insurance Co. as the Trustee, and secures repayment of the Note in the amount of $317,000.00.  (*Id*.)  The Deed of Trust contained an "Initial Interest Adjustable Rate Rider" signed by Plaintiff.  (*Id*. at page 14 of 18).  This Rider provided that the interest rate for the Loan would initially be 6.375% starting on June 1, 2007, and then would adjust starting on July 1, 2012, and every year thereafter. *Id*.

On April 7, 2009, a Substitution of Trustee was executed, whereby CR Title Services Inc. ("CR Title") was substituted as the foreclosure trustee under the Deed of Trust by CitiMortgage, Inc. as Successor by Merger to ABN AMRO Mortgage Group Inc. by CitiMortgage Inc. ("CitiMortgage").  (RJN Exh. 2.)  On May 10, 2013, an Assignment of Deed of Trust was recorded reflecting the assignment of all beneficial interest under the Deed of Trust from CitiMortgage to U.S. Bank National Association, as Trustee for PROF-2012-S1 Holding Trust 1 ("U.S. Bank").  (RJN Exh. 3.)

On May 11, 2015, a Corrective Assignment of Deed of Trust was recorded, reflecting the assignment of all beneficial interest under the Deed of Trust to Wilmington Trust, National Association, not in Its Individual Capacity, but solely as Trustee for MFRA Trust 2014-2 ("Wilmington Trust").   (RJN. Exh. 4.) Thereafter, Wilmington Trust substituted in Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") as foreclosure trustee under the Deed of Trust, as via a

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1   Substitution of Trustee recorded July 1, 2016.  (RJN Exh. 5.)

2       On July 7, 2016, after Plaintiff failed to make his required payments on the

3   Loan, a Notice of Default was recorded against the Property by BDFTW.  (RJN

4   Exh. 6.)  With Plaintiff's default remaining uncured, on March 17, 2017, a Notice

5   of Trustee's Sale was recorded by BDFTW.  (RJN Exh. 5).  No foreclosure sale

6   has taken place.

7       **2.**    ***Plaintiff's Bankruptcy***

8       Plaintiff filed a Chapter 7 bankruptcy petition on May 17, 2010 (the

9   "Bankruptcy Petition") with the United States Bankruptcy Court, Eastern District

10  of California, Case No. 10-32879.  (RJN Exhs. 8-9).  In connection with the

11  Bankruptcy Petition, Plaintiff filed his Amended Schedule A on August 18, 2010.

12  (RJN Exh. 10).  Within the Amended Schedule A, Plaintiff listed that he has an

13  interest in the subject Property, as well as four other parcels of real property.  *Id*.

14      On February 3, 2012, Plaintiff filed his Amended Schedule B in connection

15  with the Bankruptcy Petition.  (RJN Exh. 11.)  Within the Amended Schedule B,

16  Plaintiff lists a potential claim against "Countrywide / ReCon Trust for unfair

17  foreclosure proceedings" as well as a claim in connection with a parcel of real

18  property he formerly owned in the city or county of Fernley that was foreclosed.

19  (*Id*.)  Notably, Plaintiff does not include any potential claims against Fay or its

20  predecessors, nor against Wilmington Trust or its predecessors regarding the Loan

21  or Property that is the subject of this action.  (*Id*.).  On December 16, 2016, the

22  Bankruptcy Court entered its Final Decree, and Plaintiff's Chapter 7 Bankruptcy

23  case was closed.  (RJN Exh. 12.)

24      **II.**    **LAW AND ARGUMENT.**

25  **A.**    <u>**The Legal Standard on a Motion to Dismiss**</u>

26      Generally, a complaint must contain "a short and plain statement of the

27  claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(A).  But in

28  addition, a complaint must "contain either direct or inferential allegations

-6-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  respecting all the material elements necessary to sustain recovery under *some*

2  viable theory.*"  Bell Atl. Corp. v. Twombly* (2007) 50 U.S. 544, 562 (citation and

3  internal quotations omitted; emphasis in original).  A motion to dismiss therefore

4  tests the legal sufficiency of the claims asserted in the complaint.  See generally,

5  Fed.R.Civ.R. 12(b)(6); *Navarro v. Block,* 250 F.3d 729, 731 (9th Cir.2001).

6  The Court must accept all factual allegations pled in the complaint as true,

7  and must construe them and draw all reasonable inferences from them in favor of

8  the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th

9  Cir.1996).  A complaint must plead "enough facts to state a claim to relief that is

10  plausible on its face." *Bell Atl. Corp. v. Twombly, supra*, at p. 570.  However, "a

11  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief

12  requires more than labels and conclusions, and a formulaic recitation of the

13  elements of a cause of action will not do.'" *Id.* at 555.  "Factual allegations must

14  be enough to raise a right to relief above the speculative level, on the assumption

15  that all the allegations in the complaint are true (even if doubtful in fact)." *Ibid.*

16  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is

17  not proper for the court to assume that "the [plaintiff] can prove facts that [he or

18  she] has not alleged or that the defendants have violated the...laws in ways that

19  have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State

20  Council of Carpenters* (1983) 459 U.S. 519, 526.

21  **B.**   **The Entire Complaint Should Be Dismissed.**

22  *1.*   *All of Plaintiff's Purported Causes of Action are Property of the

23  Chapter 7 Trustee.*

24  After filing a petition for Chapter 7 bankruptcy protection, a debtor may not

25  prosecute a claim belonging to the bankruptcy estate because the bankruptcy

26  trustee is the "real party in interest" with respect to such claims.  11 U.S.C. § 541,

27  subd. (a); *see also, Cobb v. Aurora Loan Services, LLC*, (E.D. Ca. 2009) 408 B.R.

28  351, 353, *citing, Hernandez v. Downey Savings & Loan Ass'n* (S.D. Ca. 2009),

-7-
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1   2009 WL 704381, *3-5.   Here, Plaintiff filed for Chapter 7 Bankruptcy and all

2   claims belonging to him at the time of filing became part of the bankruptcy estate.

3   Thus, the trustee in bankruptcy is the real party in interest as to such claims.   11

4   U.S.C. § 554, subd. (a); *see also, In re Kreisel, Bkrtcy.* (C.D. Ca. 2008) 399 B.R.

5   679; *Wieburg v. GTE Southwest Inc.* (5th Cir. 2001) 272 F.3d 302, 306; *Aaron v.*

6   *United States*, (2005) 65 Fed. Cl. 29, 31.

7        Here, Plaintiff filed his Chapter 7 bankruptcy petition on May 17, 2010.

8   (RJN Exhs. 8-9).   All of the events alleged in the Complaint took place either in

9   2010, or before 2010.   Accordingly, any and all of Plaintiff's claims alleged

10   involving events that took place before he filed his Bankruptcy Petition belong to

11   the bankruptcy estate.   This is true even where the bankruptcy case is closed.   *In*

12   *re Lopez*, (B.A.P. 9th Cir. 2002) 283 B.R. 22, 28 ("[P]roperty that is neither

13   abandoned nor administered remains property of the estate even after the case is

14   closed.");   *Estate of Spirtos v. One San Bernardino Cty. Superior Court Case*

15   *Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) (same).   However, the

16   trustee is not a plaintiff in this action, and Plaintiff has not alleged that the trustee

17   has abandoned or administered the purported claims.   Therefore, Plaintiff is not

18   the real party in interest and, thus, lacks standing to bring the present action.

19        **2.   *Plaintiff is Judicially Estopped from Prosecuting His Claims.***

20        Plaintiff, individually, is barred as a result of his prior bankruptcy filings.

21   One seeking benefits under bankruptcy law must "satisfy a companion duty to

22   schedule, for the benefit of creditors, all his interests and property rights."

23   *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1609

24   ("*Greenwich Investors*").   The debtor's duty to disclose potential claims as assets

25   in connection with the bankruptcy petition does not end when the debtor files

26   schedules, but instead continues for the duration of the bankruptcy proceeding.   11

27   U.S.C.A §521, subd. (1);   *Hamilton v. State Farm Fire & Cas. Co.*, (9th Cir.

28   2001) 270 F.3d 778, 785.   "The result of a failure to disclose [any litigation likely

-8-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

to arise in a nonbankruptcy context] triggers application of the doctrine of equitable estoppel, operating against a subsequent attempt to prosecute the actions." *Greenwich Investors, supra*, at 1609.  The failure to disclose also triggers judicial estoppel, which "applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted." (*Id.*)  The failure to disclose also triggers the application of judicial estoppel, which "applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted."  *Id.*; *Dzakula v. McHugh*, (9th Cir. 2014) 746 F.3d 399, 402.

The debtor's "failure to list its claim against the bank worked in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect;" the debtor's later lawsuit "speaks to a position clearly contrary to its Chapter 11 treatment of the bank's claim as undisputed."  *Id.*; *See also*, *Billmeyer v. Plaza Bank of Commerce*, (1995) 42 Cal.App.4th 1086, 1091 ("courts that have considered the effect of a debtor's failure to disclose a potential lender-liability lawsuit in a bankruptcy proceeding have universally held that the debtor is equitably estopped, judicially estopped or barred by res judicata from bringing the action after confirmation of the bankruptcy reorganization plan."); *Conrad v. Bank of America*, (1996) 45 Cal.App.4th 133, 160.

Here, Plaintiff's Amended Summary of Schedules in his Chapter 7 Bankruptcy Petition were filed on August 18, 2010, and February 3, 2012, respectively.  At no point in these filings did Plaintiff disclose to the Bankruptcy Court that he may pursue the claims against the Defendants herein.  Thus, because Plaintiff failed to disclose his potential claims against Defendants, even though he was obligated to do so, he is judicially estopped from prosecuting this action. Therefore, he is estopped from making those assertions here.

///

///

-9-

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

C.      **Plaintiff's Complaint is Barred by His Failure to Tender.**

A valid and viable tender is a necessary prerequisite to any attempt to challenge a foreclosure sale.  A party seeking to challenge a foreclosure sale appears in equity, and is thus required to do equity before a court will exercise its equitable powers. *Arnold's Mgmt. Corp. v. Eischen* (1984) 158 Cal.App. 3d 575, 578-579; *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109; *Karlsen v. Gibralter Sav. & Loan Assn.* (1974) 15 Cal.App.3d 112, 117. Consistent with this principle, an action to set aside a trustee's sale for irregularities in sale notice or procedure, or any claim "implicitly integrated with such a challenge" must be accompanied by an offer to tender the full amount of the debt for which the property was security.  *Arnold's* at 578-79; *United States Cold Storage v. Great Western Sav. & Loan Ass'n.*, 165 Cal.App.3d 1214, 1222 (1985).  "This rule...is based upon the equitable maxim that a court of equity will not order a useless act performed....if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *F.P.B.I. Rehab 01 v. E&G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021.

Since the origination of the tender requirement, courts have expanded its application beyond the equitable causes of action to include any cause of action that is "implicitly integrated" with the allegations of an irregular sale. *Arnolds*, *supra,* 158 Cal.App.3d at p. 579, *quoting Karlsen v. American Savings & Loan Assoc.* (1971) 15 Cal.App.3d 112, 121.  Thus, a foreclosure sale cannot be enjoined or set aside unless the debtor tenders the amount due and owing on the note and deed of trust.  *MCA, Inc. v. Universal Diversified Enterprises Corp.* (1972) 27 Cal.App.3d 170, 177.  The tender rule thus applies to any claim that is "implicitly integrated" with the allegations of an irregular sale. *Karlsen*, *supra*.

Plaintiff's lawsuit presents a direct challenge to the foreclosure process initiated and conducted by Defendants.  Thus, Plaintiff is required to allege that he

tendered the amount of the default.   Plaintiff's Complaint makes no such allegation.   Thus, where Plaintiff sues to challenge the foreclosure proceedings, Plaintiff's Complaint is barred.

**D.   The Statutes of Limitations Have Lapsed as to the Second through Sixth Causes of Action.**

The statute of limitations for fraud-based causes of action is three years under Civil Code section 338, subdivision (d).   The statute of limitations for claims under RESPA is also three years for violations of 12 U.S.C. § 2605, and one year for violations of 12 U.S.C. § 2607 from the date of the occurrence of the violation.   12 U.S.C. § 2614.

The statute of limitations for Rosenthal Act claims is one year from the date of the occurrence of the violation.   *Civ. Code* § 1788.30, subd. (f).   The statute of limitations for FDCPA claims is also within one year from the date on which the violation occurs.   15 U.S.C. 1692k, subd. (d).

The statute of limitations for unfair business practices under Business and Professions Code section 17200 is four years and applies even if the borrowed statute on which the plaintiff relies has a shorter limitations statute.   *Blanks v. Seyfarth Shaw LLP* (2009) 171 Cal.App.4th 336, 364.

The statute of limitations for breach of contract is four years.   *Code Civ. Proc.* § 337, subd. (1).   The statute of limitations for breach of covenant of good faith and fair dealing is also four years insofar as it rests on an implied contractual promise.   *Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 662-63.

The Complaint vaguely alleges that Plaintiff took out a refinance loan in 2005 (actually 2007[1]), then later attempted to negotiate a loan modification in

---

[1] Plaintiff mistakenly alleges that he took out a $317,000.00 refinance loan in June 21, 2005 secured by a Deed of Trust in favor of ABN Ambro Mortgage Group, Inc.. (Complaint, ¶ 14).   However, the Deed of Trust that secures the $317,000.00 loan in favor of ABN that is the subject of this action is actually dated June 1, 2007.   (RJN, Exh. 1).   Plaintiff sometimes refers to the 2007 loan as being a "modification," however, the document reflects that it is not a modification, but an entirely new loan.

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

2010, which he admits was never signed.   Thus, any events regarding the origination of the subject Loan took place at least ten years ago. Any events regarding the purported 2010 loan modification negotiations took place at least seven years ago.  Each of the causes of action alleged in this Complaint are based on these purported events, therefore the statute of limitations applies to the dates in which these events are alleged to have occurred.  Accordingly, the applicable statutes of limitations noted above for the second and sixth causes of action apply to bar each of these claims.

**E.      Plaintiff's First Cause Of Action For Quiet Title Fails.**

Plaintiff cannot seek to quiet title in his name alone, free and clear of Defendants' interests in the Property absent a discharge of the secured debt. *Kelley v. Mortgage Elec. Registration Sys., Inc*., 642 F.Supp.2d 1048, 1057 (N.D.Cal.2009) ("Plaintiffs have not alleged that they are the rightful owners of the property, *i.e.* that they have satisfied their obligations under the Deed of Trust. As such, they have not stated a claim to quiet title."). "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, (1934) 219 Cal. 637, 649;  *Aguilar v. Bocci*, (1974) 39 Cal.App.3d 475, 477 (a plaintiff may not quiet title in himself without discharging his debt); *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee.");  *Warwick v. Bank of N.Y. Mellon*, 2016 U.S. Dist. LEXIS 68167, at *42 (C.D. Cal. May 23, 2016).

Plaintiff does not allege that he actually tendered the Loan balance, or that the secured debt has otherwise been discharged, which is a fundamental prerequisite to a quiet title claim.  Absent a discharge of the secured debt, the Deed of Trust remains the senior lien on title.  Accordingly, Plaintiff's claim to title free and clear is barred.

///

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**F.      Plaintiff's Second Cause of Action for Rescission Based on Fraud Fails.**

A party is entitled to unilaterally rescind a contract where the consent of the rescinding party was given by mistake or was obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party. *Civ. Code*, §1689, subd. (b)(1).  "A party to a contract cannot rescind at his pleasure, but only for some one or more of the causes enumerated in section 1689 of the Civil Code."  *NMSBPCSLDHB v. County. of Fresno*, (2007) 152 Cal.App.4th 954, 959.

The mechanics of contract rescission are governed by section 1691 of the Civil Code.  Civil Code section 1691 requires Plaintiff to (1) give notice of rescission to Defendants and (2) to return, or offer to return, all proceeds Plaintiff received from the transaction.  *Civ. Code*, §1691.  "The consequence of rescission is ... the restoration of the parties to their former positions by requiring each to return whatever consideration has been received."  *Imperial Casualty & Indemnity Co. v. Sogomonian*, (1988) 198 Cal.App.3d 169, 184.  "[R]escission is an empty remedy without [Plaintiff's] ability to pay back what she has received."  *Garza v. American Home Mortg.*, (E.D. Cal., Jan. 27, 2009) 2009 WL 188604.  Thus, to state a viable cause of action, Plaintiff must allege an offer to tender the loan proceeds to the lender.  *Davenport v. Litton Loan Servicing, LP*, (N.D.Cal., 2010) 725 F.Supp.2d 862, 880.  In the Complaint, Plaintiff made no such allegation or offer to tender the proceeds of the $317,000.00 Loan.  Accordingly, Plaintiff's claim for Rescission fails at the outset.

To the extent that this cause of action is based on fraud, it fails for lack of sufficiently specific allegations.  A plaintiff alleging a claim for fraud must state facts showing: "(1) a misrepresentation which includes a concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and

(5) resulting damages." *Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 173. Claims of fraud must be alleged with specificity. *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 434 (2010). Plaintiff must also plead specific allegations of what, how, where, by whom, to whom, and by what means the alleged representations or concealments were made. *Stansfield v. Starkey*, (1990) 220 Cal.App.3d 59, 73. In the Complaint, Plaintiff alleges absolutely no specific facts that either Fay or Wilmington made any misrepresentations to him.

Plaintiff alleges that his originating lender in 2005 (likely 2007) purportedly failed to disclose that Plaintiff's income would be insufficient to repay the Loan. (Complaint, ¶ 31). Of course, lenders owe no such duty of disclosure. Under California law, a "lender is under no duty to determine the borrower's ability to repay the loan" because the "lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Perlas v. GMAC Mortgage*, *supra*, at 436; *Gallegos v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 87173, at *9 (E.D. Cal. June 18, 2013). Thus, Plaintiff cannot bring a claim based on the failure of any lending party to verify his ability to repay the Loan.

Plaintiff also alleges that CitiMortgage (not Defendant Wilmington Trust) and Fay made an oral and written representation that there would be no foreclosure while "a loan modification agreement was in effect." (Complaint, ¶ 34). However, this is contradicted by Plaintiff's admission that, while he attempted to negotiate a loan modification in 2010, he refused to execute the documents. (Complaint, ¶ 22). Plaintiff's Complaint is therefore entirely uncertain as to when Defendants made any representations to Plaintiff regarding a foreclosure, or whether there was ever a loan modification in place at any time.

As noted above, Plaintiff's own admissions suggest he rejected a loan modification in 2010, thus there was no loan modification agreement "in effect," as Plaintiff believes. Moreover, there has been no foreclosure sale of the subject

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Property.  Thus, Plaintiff cannot establish the falsity of any purported promise not to foreclose because there indeed still has been no foreclosure.  Also, Plaintiff cannot allege any damages because he remains in possession of the Property, while in default, and refusing to make any payments.  Finally, any purported oral representation not to foreclose is barred by the statute of frauds.  *Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, (2008) 167 Cal. App. 4th 544, 552-553.  Such vague and uncertain allegations cannot be used to support any fraud-based cause of action.  The Motion to Dismiss should be sustained.

## G.   Plaintiff's Third Cause Of Action For "Unfair Debt Collection Practices" Fails.

Plaintiff attempts to allege causes of action pursuant to several statutes under the umbrella of "unfair debt collection practices", including violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Federal Fair Debt Collections Act (Plaintiff seems to be referring to the Fair Debt Collection Practices Act) ("FDCPA"), and the Real Estate Settlement Procedures Act ("RESPA").

Plaintiff cites to the general section of the Rosenthal Act.  *See*, *Civ. Code* § 1788.  It does not contain a subdivision (e) or (f) as Plaintiff alleges in the Complaint.  This is insufficient to state a cause of action.  Furthermore, even if Plaintiff alleged a section of the Rosenthal Act that included a cause of action, Plaintiff has not alleged any facts that would support such a cause of action, as this entire claim relies on the allegations in the remainder of the Complaint for support.   (Complaint, ¶¶ 39-40).   Plaintiff does not attempt to allege any additional facts as to why he believes Defendants engaged in unfair "debt collection."  As discussed above and below, Plaintiff's claims of fraud, breach of contract, and all other causes of action alleged in the Complaint fail and are subject to this Motion to Dismiss.  Accordingly, Plaintiff's vague third cause of action for "Unfair Debt Collection Practices" fails for the same reasons.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Furthermore, as discussed above, the applicable statute of limitations for RESPA, the Rosenthal Act, and the FDCPA all bar this claim.  Plaintiff's loan originated in 2007.  (RJN, Exh. 1).  He claims the servicing of the loan was ultimately assigned to Fay, and the date of the last communication he alleges in the Complaint occurred in 2010.  (Complaint, ¶ 22).  This is more than 7 years ago, and thus, the statutes of limitations for these laws, as listed above, have all lapsed with regard to anything that occurred in 2010 or before.

Plaintiff later vaguely alleges that "more recently," he began discussing a loan modification with Fay.  (Complaint, ¶ 23).  However, without any additional facts indicating how recent, or more specifically, when, these new communications purportedly occurred, the Motion to Dismiss should be granted as Plaintiff could still be referring to conduct that is beyond the applicable statutes of limitations.

Finally, with regard to the allegations that Defendants improperly initiated foreclosure, this does not support a claim under either the Rosenthal Act or the FDCPA because "the law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the [Rosenthal Act] or the FDC[P]A." *Brooks v. FCI Lender Servs.*, 2017 U.S. Dist. LEXIS 9134, at *25 (E.D. Cal. Jan. 23, 2017), *quoting*, *Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, 2009 U.S. Dist. LEXIS 19613, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009).

Furthermore, where Plaintiff alleges that Defendants negotiated a loan modification with Plaintiff, this also cannot form the basis for a viable claim because "an evaluation of a loan modification application or performing [] foreclosure proceedings are not debt collection activities." *Alvarez v. Nationstar Mortg. LLC*, 2017 U.S. Dist. LEXIS 46016, at *30-31 (N.D. Cal. Mar. 28, 2017).

///

///

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

## H.   **Plaintiff's Fourth Cause of Action for "Unfair Business Practices (Section 17200 Business And Professions Code et seq.)" Fails.**

In order to allege a violation of *Cal. Bus. & Prof. Code* §17200, a plaintiff must state with <u>reasonable particularity</u> the facts supporting the statutory elements of the violation. *Khoury v. Maly's of California*, (1993) 14 Cal. App. 4th 612, 619. In order to have standing to allege such a claim, the plaintiff must have been injured as a result of the allegedly fraudulent, unfair, or unlawful activity in question. *Troyk v. Farmers Group, Inc.*, (2009) 171 Cal.App.4th 1305, 1346. An "unfair practices claim under section 17200 <u>cannot be predicated on vicarious liability</u>." *Emery v. Visa International Service Association*, (2002) 95 Cal.App.4th 952, 960.

Plaintiff's cause of action fails because he does not allege particular facts demonstrating any conduct by Defendant that could be classified as an unlawful, fraudulent, or unfair business act or practice. Plaintiff simply offers conclusory and vague allegations. Further Plaintiff's section 17200 claim cannot stand independently because it is predicated on his prior defective claims, which as discussed in this Motion to Dismiss, all fail for numerous reasons. The Court in *Puentes v. Wells Fargo Home Mortg., Inc.* held that "section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable..." 160 Cal.App.4th 638, 643-644 (2008).

In addition, Plaintiff's cause of action fails because Plaintiff did not allege any facts to demonstrate his standing to allege this claim against Defendants. To have standing to allege a claim for violation of section 17200, a plaintiff must allege that he suffered an injury-in-fact as a result of the unfair competition. *Code Bus. & Prof.* § 17204; *Durrell v. Sharp Healthcare,* (2010) 183 Cal.App.4th 1350, 1359. Plaintiff did not and cannot allege that he suffered an injury-in-fact as a result of Defendants' purported conduct. Thus, Plaintiff's cause of action fails.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

## I.     **Plaintiff's Fifth Cause Of Action For "Breach Of Written Contract" Fails.**

A cause of action for breach of contract requires a pleading of the following: (a) the contract; (b) Plaintiff's performance or excuse for non-performance; (c) Defendant's breach; and (d) damage to Plaintiff.  (B.E. Witkin, *California - Procedure*, Vol. 4 Pleading §515, pg. 648 (WEST 5th Ed., 2008).) Further, the facts constituting the defendant's breach should be stated with certainty.  *See Poirier v. Gravel*, (1891) 88 Cal. 79, 82; *Levy v. State Farm Mut. Auto Ins. Co.* (2007) 150 Cal.App.4th 1, 5.  In addition, a complaint must allege whether the alleged contract was oral or written and, "[i]f the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference. [Citation.]"   *Otworth v. Southern Pacific Transportation Co.*, (1985) 166 Cal.App.3d 452, 459.  None of this is included within or attached to the Complaint.

In his Fifth Cause of Action, Plaintiff alleges Defendants breached a contract, but the facts alleged, coupled with the facts that are judicially noticeable, show that Plaintiff's claim is confused at best.  Plaintiff claims he entered in to a "modification" agreement.  (Complaint, ¶ 50).  Earlier in the Complaint, Plaintiff states that this purported "modification" was executed in 2007.  (Complaint, ¶ 16). However, the Deed of Trust recorded on June 12, 2007 was not a modification at all, but rather it secured an entirely new refinance loan.  (RJN, Exh. 1).  There was no loan modification recorded in 2007.   Plaintiff appears to be mistaken. Whatever the reason, Plaintiff's vague and uncertain allegations simply cannot withstand a Motion to Dismiss.  The only other modification referenced in the Complaint is the purported modification offered in 2010, which Plaintiff admits he rejected.   (Complaint, ¶ 22).   It is thus entirely uncertain what contract or agreement Plaintiff believes was breached.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Plaintiff attempts to allege that this 2007 contract was breached when Defendants purportedly "began raising payments."  (Complaint, ¶ 53).  It is uncertain what Plaintiff means by "raising payments" in violation of a purported written contract, and thus, Plaintiff has failed to meet his burden to allege facts constituting Defendants' breach with <u>certainty</u>.  *Levy*, *supra*.  If Plaintiff is referring to his belief that his 2007 refinance loan had a fixed interest rate at 2% for the first five years, and thus, his payments were to be fixed for five years (*See* Complaint ¶ 17), then his claim is contradicted by the recorded Deed of Trust.  The Deed of Trust (RJN, Exh. 1) contains an Adjustable Rate Rider signed by Plaintiff which provides that the initial interest rate would be 6.375% for the first five years, and the interest rate would adjust every year thereafter.   Thus, Plaintiff's allegation that his loan was a 2% loan, and that Defendants breached it by demanding payments with a higher rate is not in line with the facts.

This claim is also barred by the statute of limitations, which as noted above, is four years for a breach of contract claim.  *Code Civ. Proc.* § 337, subd. (1). Plaintiff alleges that Defendants breached the 2007 loan agreement by "almost immediately…raising payments." (Complaint, ¶ 53).  Thus, this conduct occurred in 2007, and therefore is time-barred.   As this is the only breach of contract alleged in the Complaint, it fails, and is therefore subject to this Motion to Dismiss.

## J.  **<u>Plaintiff's Sixth Cause of Action for "Breach of the Implied Covenant of Good Faith and Fair Dealing" Fails.</u>**

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, (1990) 225 Cal. App. 3d 38, 49.  In fact, "[b]reach of the covenant of good faith and fair dealing is nothing more than a [claim] for breach of contract."   *Habitat Trust for Wildlife, Inc. v. City of Rancho*

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

*Cucamonga*, (2009) 175 Cal. App. 4th 1306, 1344.  With respect to a Cause of Action for Breach of the Implied Covenant, "[i]f the allegations do not go beyond the statement of a mere contract breach…, they may be disregarded as superfluous as no additional claim is actually stated."  *Careau & Co. v. Security Pacific Business Credit, Inc*., (1990) 222 Cal.App.3d 1371, 1395.   Also, "with the exception of **bad faith insurance cases**, a breach of the covenant of good faith and fair dealing permits a recovery solely in contract."  *Spinks v. Equity Residential Briarwood Apartments*, (2009) 171 Cal. 4th 1004, 1054 (emphasis added). Of course, this case is not a bad faith insurance case.

Here, Plaintiff claims Defendants breached the implied covenant by demanding payments under the 2007 loan which Plaintiff believes went against the agreed terms.  As discussed above, Plaintiff's belief that he signed a loan with a 2% interest rate is contradicted by the recorded Deed of Trust which shows otherwise.  If Plaintiff believes there was some other loan with those terms that Defendants breached, then the claim is vague and ambiguous as he does not allege sufficient facts that some other contract was executed by the parties in 2007.

Furthermore, Plaintiff's Sixth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing is founded upon a written contract, and thus has a four-year statute of limitations.  *CCP* §337(1); *Comunale v. Traders & Gen. Ins. Co.*, (1958) 50 Cal. 2d 654, 662.  Plaintiff alleges that the covenant was breached "within a month" after entering into the 2007 loan.  Thus, this claim is time-barred.  The Motion to Dismiss should be granted with prejudice.

## IV.   THIS COURT MAY STRIKE ALLEGATIONS THAT ARE IMMATERIAL OR IMPERTINENT UNDER RULE 12(F)

**A.   Plaintiff did not Allege Any Basis for an Attorney's Fees Award.**

Plaintiff, *in pro per*, seeks the recovery of attorney's fees.  However, *pro per* litigants do not incur an obligation to pay attorney's fees when representing themselves, and are therefore not entitled to recovery attorney's fees incurred in

litigation.  *Trope v. Katz* (1995) 11 Cal.4th 274.   "[T]he very use of the term 'attorney fees' presupposes that the prevailing party has been represented by an attorney."  *Atherton v. Board of Supervisors*, (1986) 176 Cal. App. 3d 433, 436-437 (citation omitted).   Here, it is without question that Plaintiff is representing himself in this case.  As such, Plaintiff is not entitled to an award of attorney's fees, if he were to prevail in the litigation.   The requests are not legally recoverable, and therefore should be stricken.

Furthermore, Plaintiff improperly made the request for attorney's fees and costs under his Fourth Cause of Action for violation of B&P Section 17200. However, attorney fees are not recoverable under B&P Code Section 17200. *People ex rel. City of Santa Monica v. Gabriel*, 186 Cal. App. 4th 882, 889 (2010).  Relief under Section 17200 is generally limited to injunctive relief and restitution.  *Walker v. Countrywide Home Loans, Inc.*, (2002) 98 Cal. App. 4th 1158, 1179.  Accordingly, Plaintiff's requests for attorney's fees and costs should be stricken.

## B.   There is no Factual or Legal Basis for Plaintiff's Request for Treble Damages.

Plaintiff requests treble damages for all "unfair and deceptive business practices" in violation of California law. (Prayer, ¶ 2).  Plaintiff appears to be again referring to B&P Section 17200, the Unfair Competition Law.  However, as noted above, relief under Section 17200 is limited to injunctive relief and restitution only.  *Walker*, *supra*.  As such, Plaintiff "may not receive damages, much less treble damages, or attorney fees."  *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, (1999) 20 Cal.4th 163, 179.  For these reasons, Plaintiff's request for treble damages should be stricken.

///

///

///

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety, without leave to amend.   Furthermore, Defendant requests that this Court strike the improper requests for relief made by Plaintiff.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: April 19, 2017

By: _s/ Joshua R. Hernandez, Esq_
Joshua R. Hernandez, Esq.
Attorneys for Defendants, Fay
Servicing, LLC and Wilmington
Trust, National Association, not in its
individual capacity, but solely as
trustee for MFRA Trust 2014-2

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT