SUNNY S. HUO (State Bar No. 181071)
JASON M. RICHARDSON (State Bar No. 250916)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
ssh@severson.com
jmr@severson.com

Attorneys for Defendant Capital One Bank as successor in interest to Chevy Chase Bank, FSB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

ANTHONY BOCHENE,

Plaintiff,

vs.

MFRA TRUST 2014-2, MFRESIDENTIAL ASSETS, LLC AS ADMINISTRATOR; CITIMORTGAGE; CHEVY CHASE BANK, FSB; FAY SERVICING, LLC, and Does 1-10,

Defendants.

Case No. 2:17-cv-00768-TLN-DB

**NOTICE OF MOTION AND JOINDER IN MOTION TO DISMISS**

Filed concurrently with RJN ISO Capital One's Motion to Dismiss

Date: July 7, 2017
Time: 10:00 a.m.
Crtrm.: 27 (8th Floor)
Judge: Hon. Deborah Barnes

Action Filed: March 6, 2017
Trial Date: Not Set

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 7, 2017, at 10:00 a.m. of the above-entitled Court, located at 501 I Street, Sacramento, California, defendant Capital One Bank ("Capital One"), as successor in interest to Chevy Chase Bank FSB, joins in Fay Servicing, LLC and Wilmington Trust, N.A.'s Motion to Dismiss and moves for an order dismissing Capital One from the complaint filed by plaintiff Anthony Bochene ("Plaintiff").

This motion is made pursuant to Rule 12(b)(6) and is based on the grounds that the complaint and each of its causes of action fails to state a claim against Capital One upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is based on this notice of motion and motion, the memorandum of points and authorities and request for judicial notice filed herewith, the complaint and all other pleadings and records on file in this action, and upon such other argument as the Court may consider at the hearing on this motion.

DATED: June 29, 2017

Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By: *_/s/ Jason Richardson_*
Jason Richardson
Sunny S. Huo

Attorneys for Defendant Capital One Bank as successor in interest to Chevy Chase Bank

## MEMORANDUM OF POINTS AND AUTHORITIES

Capital One, as successor in interest to Chevy Chase Bank, hereby joins in the Motion to Dismiss filed by Defendants Fay Servicing and Wilmington Trust, N.A.[1]

In support of the statute of limitations argument, Capital One wishes to bring the following to the Court's attention:

- The ***only*** transaction referenced in the complaint involving Chevy Chase Bank is a residential mortgage loan made in ***June 2005***. (Complaint, ¶¶ 14, 31-33; RJN, Ex. A.) This is twelve years ago.
- This same loan was deemed repaid and the Deed of Trust was ***released*** in ***June 2007***. (RJN, Ex. B.) This is ten years ago. Capital One has initiated no foreclosure activities against the property at all. (Complaint, ¶¶ 15-24.)
- None of the claims Plaintiff alleges against Capital One has a statute of limitations greater than ***four years***. (Fay Servicing Motion to Dismiss, 11:6-22.) None has a ten year statute. None has twelve.

Given the foregoing, there is no need to entertain Plaintiff's assertions against Chevy Chase or Capital One. Even if any were true—and none were—they would be time barred and Plaintiff's conclusory statements that the statute of limitations should be tolled are not legally sufficient to withstand a motion to dismiss.[2]

---

[1] Capital One apologizes to the Court for the lateness of this filing. However, the location plaintiff served the complaint (i.e., a former Chevy Chase Bank address instead of Capital One Bank's publicly registered agent for service of process) resulted in otherwise avoidable delays.

[2] (Complaint, ¶ 11; Opposition ¶ 22; *In re Capacitors Antitrust Litig*., 106 F. Supp. 3d 1051, 1065 (N.D. Cal. 2015) (holding that to adequately allege tolling by fraudulent concealment, plaintiffs must " 'plead with particularity the circumstances of the concealment of the facts supporting [their] due diligence' ") (quoting *Conmar Corp. v. Mitsui & Co. (U.S.A.)*, 858 F.2d 499, 502 (9th Cir. 1988)); *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1103 (E.D. Cal. 2010) (granting motion to dismiss because plaintiffs "have not plead [sic] any facts suggesting why they might be entitled to equitable tolling outside of conclusory allegations of fraud"); *Dotson v. Metrociti Mortg*., 2011 WL 3875997, at *4 (E.D. Cal. Aug. 31, 2011) ("Plaintiffs' single, wholly conclusory claim that they did not discover the fraud until 2010 is insufficient").

For these reasons, and those stated in detail by Defendants Fay Servicing and Wilmington Trust, N.A. in their motion to dismiss, Capital One requests this case be dismissed in its entirety and with prejudice.

DATED: June 29, 2017

Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By: *________/s/ Jason Richardson________*
Jason Richardson
Sunny S. Huo

Attorneys for Defendant Capital One Bank as successor in interest to Chevy Chase Bank FSB

**PROOF OF SERVICE**
**Bochene v. MFRA Trust 2014-2, et al.**
**USDC Eastern District, Sacramento Division**
**Case No. 2:17-cv-00768-TLN-DB**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On June 29, 2017, I served true copies of the following document(s):

**NOTICE OF MOTION AND JOINDER IN MOTION TO DISMISS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 29, 2017, at San Francisco, California.

*/s/ Sylvia Coleman*
Sylvia Coleman

**SERVICE LIST**
**Bochene v. MFRA Trust 2014-2, et al.**
**USDC Eastern District, Sacramento Division**
**Case No. 2:17-cv-00768-TLN-DB**

| | |
|---|---|
| Anthony Bochene<br>P.O. Box 2101<br>Truckee, CA 96160-2101<br>(via U.S. Mail) | Telephone: (530) 448-2158<br><br>*Plaintiff in Pro Per* |
| Joshua R. Hernandez, Esq.<br>Sonia P. Edwards, Esq.<br>Wright Finlay and Zak<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660<br>(via CM/ECF) | Telephone: (949) 477-5146<br>Facsimile: (949) 608-9142<br>Email: jhernandez@wrightlegal.net<br>sedwards@wrightlegal.net<br><br>*Attorneys for Defendants MFRA Trust 2014-2, MFResidential Assets, LLC as administrator: Fav Servicina. LLC* |
| Cuong M. Nguyen, Esq.<br>Duncan Peterson, LLP<br>9665 Chesapeake Drive, Suite 305<br>San Diego, CA 92123<br>(via MC/ECF) | Telephone: (619) 483-3200<br>Facsimile: (858) 549-3700<br>Email:<br>cuong@duncanpeterson.com<br><br>*Attornevs for Defendant CitiMortaaae* |