UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOCHENE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MFRA TRUST 2014-2, MFRESIDENTIALASSETS, LLC AS ADMINISTRATOR, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0768 TLN DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　This matter came before the undersigned on August 4, 2017, for hearing of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant Capital One Bank as successor in interest to Chevy Chase Bank, FSB, ("Capital One Bank").[1] (ECF No. 27.) Plaintiff Anthony Bochene appeared in person on his own behalf. Attorney Megan Kelly appeared telephonically on behalf of defendant Capital One Bank. After hearing oral argument, defendant's motion was taken under submission.[2]

---

[1] Plaintiff is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Also heard at the August 4, 2017 hearing was a motion to dismiss filed by defendants Fay Servicing, LLC and Wilmington Trust, National Association. (ECF Nos. 8 & 27.) However, on December 21, 2017, defendants Fay Servicing, LLC and Wilmington Trust, National Association were dismissed pursuant to a stipulation signed by the plaintiff and defendants Fay Servicing,

For the reasons stated below, the undersigned will recommend that defendant Capital One Bank's motion to dismiss be granted.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action on March 6, 2017, by filing a complaint in the Nevada County Superior Court. (Compl. (ECF No. 1-1) at 2.[3]) Therein, plaintiff alleges that on August 28, 2001, plaintiff purchased "real property located at 10032 Hill rd. Soda Springs Ca. 95728." (Id. at 6.) On June 21, 2005, plaintiff "refinanced the property." (Id.) In 2007, plaintiff fell behind on his payments. (Id.) Plaintiff received a loan modification through defendant Citimortgage, Inc., ("CMI").[4] (Id. at 6-7.)

"[A]lmost immediately," CMI breached the terms and conditions of the loan modification agreement. (Id at 7.) In 2009, the loan was assigned to U.S. Bank. (Id.) Despite repeated attempts to obtain a loan modification, "plaintiff received notice of commencement of foreclosure against his property." (Id. at 8.) Based on these allegations, the complaint asserts causes of action against defendant Capital One Bank for quite title, rescission based on fraud, violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.33 ("Rosenthal Act"), and unfair business practices in violation of California Business and Professions Code § 17200. (Compl. (ECF No. 1-1) at 8-15.)

Defendant CMI removed the matter to this court on April 11, 2017, on the basis of both federal question and diversity jurisdiction. (ECF No. 1.) On June 29, 2017, defendant Capital One Bank filed the pending motion to dismiss. (ECF No. 18.) Plaintiff filed an opposition on July 19, 2017. (ECF No. 22.) Defendant Capital One Bank filed a reply on July 21, 2017. (ECF No. 23.)

////

---

LLC and Wilmington Trust, National Association. (ECF No. 29.)

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4] Defendant CMI filed an answer to the complaint on May 2, 2017. (ECF No. 12.)

2

STANDARD

I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

////

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

ANALYSIS

I. Rule 8

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.[5] Jones, 733 F.2d at 649.

Here, the complaint purports to assert four causes of action against defendant Capital One Bank: (1) quite title; (2) rescission based on fraud; (3) unlawful debt collection; and (4) and unfair business practices. (Compl. (ECF No. 1-1) at 8-15.) Each of those claims requires particular factual allegations in support. For example, claims of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). And in order to state an unlawful debt collection claim under the FDCPA the complaint "must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector'

---

[5] With respect to the complaint's allegations of fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Dang v. CitiMortgage, Inc., No. 5:11-cv-05036 EJD, 2012 WL 762329, at *3 (N.D. Cal. Mar. 7, 2012); see also Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678) ("complaint must plead 'factual content that allows the court to draw the reasonable inference' that Wells Fargo is a debt collector").

However, the only factual allegations found in the complaint concerning defendant Capital One Bank simply allege that "on or about June 21, 2005, when Plaintiff agreed to close the refinancing loan secured by the subject property," defendant Capital One Bank "failed to disclose to Plaintiff that his income would be insufficient to repay the loan." (Compl. (ECF No. 1-1) at 10.) That is the entire extent of the complaint's factual allegations relating to defendant Capital One Bank. In this regard, with respect to defendant Capital One Bank, plaintiff's complaint fails to allege facts that state the elements of any claim plainly and succinctly.

II. Statute of Limitations

As noted above, the complaint's only allegation against defendant Capital One Bank concerns an event occurring on June 21, 2005. (Compl. (ECF No. 1-1) at 10.) And the most recent date alleged in the complaint is "2010."[6] (Id. at 8.) The statute of limitations for unfair debt collection practice claims, however, is one year from the date of the violation. See Quinlan v. Citimortgage, Inc., No. 2:11-cv-0986 MCE EFB, 2013 WL 3325961, at *2 (E.D. Cal. July 1, 2013). Claims based upon fraud are subject to a three-year statute of limitations. See Cal. Civ. Pro. Code § 338(d). And claims based upon the violation of California Business and Professions Code § 17200 are subject to a four-year statute of limitations. See Cal. Bus. & Prof. Code § 17208.

---

[6] Defendant Capital One Bank has requested judicial notice of a substitution of trustee and deed of reconveyance recorded by the Nevada County Recorder on June 29, 2007. (ECF No. 19-1 at 28-29.) "Judicial notice is appropriate for records and 'reports of administrative bodies.'" United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1954)). According to this deed of trust, plaintiff's "indebtedness" was "paid and satisfied" as to defendant Capital One Bank on June 29, 2007. (ECF No. 19-1 at 28-29.)

With respect to defendant Capital One Bank, only plaintiff's claim for quiet title would not be barred by the applicable statute of limitations.[7] See Salazar v. Thomas, 236 Cal.App.4th 467, 477 (2015) (quotation and alteration omitted) ("as a general rule, the statute of limitations for a quiet title action does not run against one in possession of land"). While, under some circumstances, the running of a statute of limitations may be tolled, plaintiff stated at the August 4, 2017 hearing that he learned of defendants' wrongful conduct in 2010. See O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'").

In this regard, the complaint's claims for unfair debt collection, fraud, and violation of California Business and Professions Code § 17200 all are barred by the applicable statutes of limitation.

III.     Plaintiff's Bankruptcy

Defendant Capital One Bank's motion to dismiss joined the motion to dismiss filed by defendants Fay Servicing, LLC and Wilmington Trust, National Association. (Def.'s MTD (ECF No. 18) at 3.) The motion to dismiss filed by defendants Fay Servicing, LLC and Wilmington Trust, National Association sought judicial notice of plaintiff's filing of a Chapter 7 bankruptcy petition on May 17, 2010, an Amended Schedule A on August 18, 2010, and an Amended Schedule B on February 3, 2012, as well as the Bankruptcy Court's Final Decree issued on December 16, 2016. (ECF No. 8 at 6; ECF No. 9-1 at 41-92.)

The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena

---

[7] As noted above, however, the complaint fails to allege facts that state the elements of any claim—including a quiet title claim—against defendant Capital One Bank.

Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). In deciding whether to apply judicial estoppel, the court "*may* consider" three factors: (1) whether the party's later position is "clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 782-83 (emphasis in original and internal citations omitted; citing New Hampshire v. Maine, 532 U.S. 742 (2001)).

"In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." Ah Quin v. County of Kauai Dept. of Transp., 733 F.3d 267, 271 (9th Cir. 2013); see also Wong v. Michaels Stores, Inc., 648 Fed. Appx. 594 (9th Cir. 2016) (quoting Ah Quin, 733 F.3d at 271) ("Our precedents in this context are clear. The default rule is that '[i]f a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action.'"); Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006) ("All six appellate courts that have considered this question hold that a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends."); Hamilton, 270 F.3d at 784 ("[A] debtor who fail[s] to disclose a pending claim as an asset in a bankruptcy proceeding where debts were permanently discharged [is] estopped from pursuing such claim in a subsequent proceeding."); Hay v. First

Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992) (holding that "[f]ailure to give the required notice [to the bankruptcy court] estops [the plaintiff-debtor] and justifies the grant of summary judgment to the defendants").

Further "[t]he debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." Hamilton, 270 F.3d at 785; see also Cannata v. Wyndham Worldwide Corp., 798 F.Supp.2d 1165, 1173 (D. Nev. 2011) ("Debtors have a continuing duty during bankruptcy proceedings to amend their schedules and add potential claims as assets."); HPG Corp. v. Aurora Loan Services, LLC, 436 B.R. 569, 577 (E.D. Cal. 2010) ("[T]he Bankruptcy Code subjects debtors to a continuing duty to disclose all pending and potential claims.").

Where a debtor fails to properly schedule an asset, including a cause of action, that asset belongs to the bankruptcy estate and does not revert to the debtor. See Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001). "The duty to disclose prevents the plaintiff from proceeding on a cause of action which is the property of the bankruptcy estate." HPG Corp., 436 B.R. at 577.

"Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." Hamilton, 270 F.3d at 784. "[T]he duty of the bankruptcy petitioner to disclose the existence of a potential claim is not a formalistic duty predicated on the procedural status of a claim, but is a duty of candor that accrues from the time the facts that give rise to the potential claim are known." Rose v. Beverly Health and Rehabilitation Services, Inc., 356 B.R. 18, 25 (E.D. Cal. 2006).

Here, the complaint's only factual allegations concerning defendant Capital One Bank pertain to an incident on June 21, 2005. (Compl. (ECF No. 1-1) at 10.) Plaintiff filed a Chapter 7 bankruptcy petition on May 17, 2010, and the Bankruptcy Court's Final Decree was issued on December 16, 2016. At the August 4, 2017 hearing of defendant's motion plaintiff stated that he learned of defendant's alleged wrongful conduct in 2010.

////

8

| | |
|---|---|
| 1 | Although during the pendency of the bankruptcy proceeding plaintiff did list on his |
| 2 | Amended Schedule B a "potential claim against Countrywide/Recon Trust for unfair foreclosure |
| 3 | proceedings," plaintiff never listed any potential claims against defendant Capital One Bank. |
| 4 | (ECF No. 9-1 at 91.) Accordingly, because plaintiff had knowledge of his claims against |
| 5 | defendant Capital One Bank but did not disclose those claims during his bankruptcy proceedings, |
| 6 | he may not now proceed on those claims.[8] See Ah Quin, 733 F.3d at 271; Hamilton, 270 F.3d at |
| 7 | 784; see also Monje v. Spin Master Incorporated, 679 Fed. Appx. 535, 537 (9th Cir. 2017) ("A |
| 8 | party is judicially estopped from asserting a cause of action that was not disclosed in a previous |
| 9 | bankruptcy proceeding."). |

## LEAVE TO AMEND

For the reasons stated above, the undersigned recommends that defendant Capital One Bank's motion to dismiss be granted and that the complaint's claims against defendant Capital One Bank be dismissed. The undersigned has carefully considered whether plaintiff may amend his pleading to state a claim upon which relief could be granted against defendant Capital One Bank. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above the undersigned finds that it would be futile to grant plaintiff leave to amend.

////

////

---

[8] The "court is not 'bound' to apply judicial estoppel, particularly when 'a party's prior position was based on inadvertence or mistake.'" Ah Quin, 733 F.3d at 272 (quoting New Hampshire v. Maine, 532 U.S. 742, 753 (2001)). Here, however, plaintiff does not argue that the omission was the result of inadvertence or mistake. Cf. Ah Quin, 733 F.3d at 272 (noting "key factor" in plaintiff's inadvertence/mistake argument was plaintiff "reopened her bankruptcy proceedings and filed amended bankruptcy schedules that properly listed this claim as an asset"); Lennear v. Diamond Pet Food Processors of California, LLC, 147 F.Supp.3d 1037, 1046 (E.D. Cal. 2015) (plaintiff's "bankruptcy was amended before a formal challenge was made by Defendants.").

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Capital One Bank's June 29, 2017 motion to dismiss (ECF No. 18) be granted;

2. The complaint's claims against defendant Capital One Bank be dismissed without leave to amend; and

3. Defendant Capital One Bank be dismiss from this action.[9]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bochene0768.mtd.f&rs3

---

[9] With respect to defendant CMI, in the event these findings and recommendations are adopted in full by the assigned District Judge, the undersigned will issue an order setting this matter for a Status (Pretrial Scheduling) conference.