UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOCHENE,<br><br>Plaintiff,<br><br>v.<br><br>MFRA TRUST 2014-2, MFRESIDENTIALASSETS, LLC AS ADMINISTRATOR, et al.,<br><br>Defendants. | No. 2:17-cv-0768 TLN DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Anthony Bochene is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On July 13, 2018, the undersigned issued an order setting this matter for a status conference on August 24, 2018. (ECF No. 40.) Pursuant to the order plaintiff was to file a status report on or before August 10, 2018. (<u>Id.</u> at 2.) Plaintiff, however, failed to file a timely status report.

Accordingly, on August 17, 2018, the undersigned issued an order to show cause as to why this action should not be dismissed due to plaintiff's lack of prosecution. (ECF No. 41.) That order also continued the August 24, 2018 status conference to October 5, 2018, and ordered plaintiff to file a status report on or before September 21, 2018. On September 4, 2018, plaintiff filed a letter apologizing for failing to file a timely status report on or before August 10, 2018.

1

(ECF No. 45.) Despite this apology, plaintiff again failed to file a timely status report on or before September 21, 2018.

Accordingly, on October 3, 2018, the undersigned issued yet another order to show cause to plaintiff. (ECF No. 47.) That order continued the October 5, 2018 status conference to November 2, 2018, and ordered plaintiff to file a timely status report on or before October 19, 2018. (Id. at 2-3.) The order also, again, warned plaintiff that a failure to comply could result in the recommendation that this action be dismissed for lack of prosecution. (Id. at 3.) Despite that warning, plaintiff has again failed to file a timely status report and has failed to respond to the October 3, 2018 order to show cause.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

As explained above, plaintiff has repeatedly failed to prosecute this matter and has failed to respond to the undersigned's order to show cause. Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious

resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that the November 2, 2018 Status (Pretrial Scheduling) Conference is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1) Plaintiff's March 6, 2017 complaint, (ECF No. 1-1) be dismissed without prejudice; and

2) This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 25, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\bochene0768.dlop.f&rs